AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

MARTHA FEDORIW

V.

NEW YORK CONVENTION CENTER
OPERATING CORPORATION and CARL ZEISS
VISION, INC.,

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07 CIV 7446

JUDGE BAER

TO: (Name and address of Defendant)

NEW YORK CONVENTION CENTER OPERATING CORPORATION
655 West 34th Street, New York, NY, 10001

CARL ZEISS VISION, INC.
13017 North Kingston Avenue, Chester, VA, 23836

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

STAVROS E. SITINAS, ESQ.
WINGATE, RUSSOTTI & SHAPIRO, LLP
420 Lexington Avenue, Suite 2750, NY, NY, 10170

PETER A. GREINER, ESQ.
MEYERSON & O'NEILL
1700 Market Street, Suite 3025, Philadelphia, PA, 19103

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE  AUG 2 2 2007

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
                       Date                                              *Signature of Server*

                                                          _____
                                                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTHA FEDORIW<br>4134 Cambridge Court<br>Schnecksville, PA 18078<br>　　　　　Plaintiff,<br>vs.<br>NEW YORK CONVENTION CENTER<br>OPERATING CORPORATION<br>655 West 34th Street<br>New York, NY 10001<br>　　　　and<br>CARL ZEISS VISION, INC.<br>13017 North Kingston Avenue<br>Chester, VA 23836<br>　　　　　Defendants | : CIVIL ACTION NO.:<br>:<br>:<br>: <br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: <br>:<br>:<br>:<br>: |

### COMPLAINT

Plaintiff, for her civil action against defendants cited above, plaintiff Martha Fedoriw avers as follows:

### NATURE OF THE ACTION

1. On or about April 2, 2006, plaintiff, Martha Fedoriw, was a guest and attendee of the International Vision Expo (the "Expo") located at the Jacob K. Javits Convention Center (the "Javits Center") in New York, NY, which is maintained and operated by defendant New York Convention Center Operating Corporation ("NYCCOC") and lawfully upon the defendants' property, when due to the negligence and carelessness of the defendants, plaintiff was caused to slip, trip, stumble and fall on a defective display of the defendant Carl Zeiss Vision, Inc. ("Zeiss Vision") display within the confines of the Javits Center and was caused to sustain serious and permanent injuries more fully set forth herein.

## PARTIES

2. Plaintiff, Martha Fedoriw, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, residing therein at 4134 Cambridge Court, Schnecksville, PA.

3. Defendant New York Convention Center Operating Corporation is a New York corporation, with its principal place of business located at 655 West 34th Street, New York, NY.

4. Defendant Carl Zeiss Vision, Inc. is a Delaware corporation, with its principal place of business located at 13017 North Kingston Avenue, Chester, VA.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction of this claim pursuant to 28 U.S.C.§1332 in that the dispute is between United States citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

6. Venue is in the Southern District of New York pursuant to 28 U.S.C.§1391 in that Defendant NYCCOC is located in this District, both defendants regularly do business in this District, and a substantial portion of the events surrounding this incident occurred in this District.

## OPERATIVE FACTS

7. On April 2, 2006, plaintiff, Martha Fedoriw, attended the Expo which was taking place at the Javits Center in New York, NY, which is maintained and operated by defendant NYCCOC.

8. As she was walking through the Expo, she passed by a display for defendant Zeiss Vision when she hit her foot on a defective platform of the exhibit, causing her to fall to the ground and severely injure herself, as set forth more fully herein

## COUNT I- NEGLIGENCE/ PREMISES LIABILITY

9. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs, as if each such allegation was fully set forth at length.

10. The platform where plaintiff fell was a dangerous condition at the time of plaintiff's injury. Specifically, the defendants had taken no steps to notify the guests and attendees of the Expo that the platform were a dangerous condition.

11. Plaintiff in no way caused or contributed to the aforementioned accident and/or her injuries.

12. With regard to the aforementioned condition of the platform, defendants did not act or failed to act through their agents, employees, servants or workman to eliminate the dangerous condition.

13. Plaintiff was caused to trip over the platform and fall due to the carelessness and negligence of the defendants.

14. As a guest and business invitee of the defendants, the defendants owed a duty to plaintiff and other guests to see that hazardous conditions on the property were eliminated and/or ample warnings were posted to alert guests of these dangers.

15. The negligence and carelessness of defendants consists of the following:

    (a) allowing a dangerous condition to exist on the premises;

    (b) failing to properly maintain lighting on the premises and platform;

(c) failing to inspect the premises for a dangerous condition;

(d) failing to take steps to provide an adequate warning of the danger posed by the platform;

(e) failing to maintain the platform in good and safe condition;

(f) allowing a dangerous condition to exist on the property/premises;

(g) failing to provide notice of the dangerous condition to the Expo guests and other business invitees;

(h) failing to inspect the property and platform for a dangerous condition; and

(I) other liability producing conduct which may be revealed from further investigation and/or discovery.

15. As a result of the aforementioned incident, plaintiff Martha Fedoriw suffered injuries, including but not limited to a torn medial meniscus and joint effusion of the left knee which required surgery to attempt to correct; trauma and recurring swelling of her right elbow, shoulder, wrist, and hand; deep vein thrombosis as a result of the knee surgery; and continuing and permanent pain of her arm, shoulder and leg.

16. As a result of the aforementioned incident, plaintiff has spent and will continue to spend substantial sums of money for medical care for treatment of these injuries.

17. As a further consequence of this accident, plaintiff has been unable to perform her daily duties and has sustained and continues to sustain substantial work loss.

18. As a result of this accident, plaintiff has suffered and continues to suffer

great physical pain, mental anguish, disability, embarrassment and loss of life's pleasures.

WHEREFORE, plaintiff requests judgment against defendants as follows:

1. General damages in excess of $75,000.00.

2. Special damages in excess of $75,000.00.

3. Cost of suit.

4. Such other and further relief to which plaintiff may be entitled.

Respectfully submitted,

BY: _____

Dated: August 21, 2007

Stavros E. Sitinas, Esquire (SS 8960)
Wingate, Russotti & Shapiro, LLP
420 Lexington Avenue
Suite 2750
New York, NY 10170
(212) 986-7353

Peter A. Greiner, Esquire
Meyerson & O'Neill
1700 Market Street
Suite 3025
Philadelphia, PA 19103
(215) 972-1376

Attorneys for Plaintiff

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARTHA VEDORIW

                Plaintiff,

- against -

NEW YORK CONVENTION CENTER OPERATING CORPORATION and
CARL ZEISS VISION, INC.,

                Defendant.

---

### SUMMONS IN A CIVIL ACTION and COMPLAINT

---

### WINGATE, RUSSOTTI & SHAPIRO, LLP
*Attorneys for Plaintiffs*
**420 Lexington Avenue**
**Suite 2750**
**New York, New York 10170**
**(212) 986-7353**
*Facsimile* **(212) 953-4308**