UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARTHA FEDORIW,

                          Plaintiffs,

      -against-

NEW YORK CONVENTION CENTER OPERATING
CORPORATION and CARL ZEISS VISION, INC.,

                         Defendants.
------------------------------------------------------------------X

**ANSWER**

Docket No.: 07 CIV 7446 (HB)

      The defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION,** by its attorneys, The Law Offices of Edward Garfinkel, as and for an answer to the complaint of the plaintiff herein, respectfully alleges upon information and belief:

## NATURE OF THE ACTION

    **FIRST:**    Denies the allegations contained in paragraph **"1"** of the complaint.

## THE PARTIES

    **SECOND:**    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **"2"** and **"4"** of the complaint.

    **THIRD:**    Denies each and every allegation contained in paragraph **"3"** of the complaint, except admits defendant New York Convention Operating Corporation was and is a public benefit corporation existing under and by the virtue of the laws of the State of New York with its principal place of business located at 655 West 34th Street, New York, NY.

## JURISDICTION AND VENUE

    **FOURTH:**    Denies the allegations contained in paragraphs **"5"** and **"6"** of the complaint and respectfully refers all questions of law to the court.

## OPERATIVE FACTS

**FIFTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph **"7"** of the complaint.

**SIXTH:** Denies the allegations contained in paragraph **"8"** of the complaint and respectfully refers all questions of law to the court.

## COUNT 1- NEGLIGENCE/PREMISES LIABILITY

**SEVENTH:** Repeats the admissions and denials to the paragraphs of the complaint repeated and re-alleged in paragraph designated as **"9"** of the complaint.

**EIGHT:** Denies the allegations contained in paragraphs **"10", "11", "12", "13" and "15 (a) through (i)"** of the complaint.

**NINTH:** Denies the allegations contained in paragraph **"14"** of the complaint and respectfully refers all questions of law to the court

**TENTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs**, "15", "16", "17", "18"** of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the plaintiff's cause of action is barred by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the injuries and damages to the plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care pursuant to CPLR Article 14-A.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the plaintiff's complaint fails to state facts sufficient to state a cause of action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the plaintiff received remuneration and/or compensation for some or all of his claimed economic loss and that the defendant is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules and the Federal Rules of Civil Procedure.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That the liability of the defendant, NEW YORK CONVENTION CENTER OPERATING CORPORATION, if any, does not exceed fifty percent (50%) of the liability assigned to all persons and that the liability of the defendant, NEW YORK CONVENTION CENTER OPERATING CORPORATION,, if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That the plaintiff failed to mitigate plaintiff's damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

That the plaintiff herein has failed to name a party who is a necessary party and indispensable to this suit.

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST THE CO-DEFENDANT, CARL ZEISS VISION, INC., THE DEFENDANT, NEW YORK CONVENTION CENTER OPERATING CORPORATION ALLEGES:

That any injuries and damages sustained by the plaintiff herein as a result of the alleged incident described in the plaintiff's Complaint were sustained in whole or in part by reason of the negligence or other breach of duty on the part of the co-defendant, **CARL ZEISS VISION, INC.**

That if it is determined that the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION**, is liable in any degree to the plaintiff(s), whether because of negligence, by operation of law or any other reason, the defendant, **NEW YORK CONVENTION**

**CENTER OPERATING CORPORATION**, is entitled to have the liability apportioned among and between the defendant by way of contribution and/or is entitled to be indemnified by one or more of said co-defendant.

### AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION AGAINST THE CO-DEFENDANT, CARL ZEISS VISION, INC., THE DEFENDANT, NEW YORK CONVENTION CENTER OPERATING CORPORATION, ALLEGES:

That on or before April 2, 2006, the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION,** entered into an agreement with the co-defendant, **CARL ZEISS VISION, INC.,** whereby said co-defendant agreed to purchase insurance providing coverage for the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION**, for part or all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on April 2, 2006.

That the co-defendant failed to provide such insurance as required by the said agreement.

That, therefore, the co-defendant is liable to the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION**, to the extent of any such insurance coverage which should have been purchased to protect the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION**, in the event that any recovery is had against the answering defendant.

WHEREFORE, the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION,**, demands judgment dismissing the Complaint of the plaintiff herein with costs and further demands and that the ultimate rights of the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION,**, and the co-defendant, **CARL ZEISS VISION, INC**, be determined as between themselves in that the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION,**, have judgment over and against the co-defendant, **CARL ZEISS**

**VISION, INC.**, for indemnification and/or contribution in whole or in part, for the amount of any sum which may be recovered herein against the defendant, **NEW YORK CONVENTION CENTER OPERATING CORPORATION**,, together with attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
       June 29, 2007

                                  Yours etc.,
                                  The Law Offices of Edward Garfinkel
                                  Attorneys for Defendant,
                                  NEW YORK CONVENTION CENTER
                                  OPERATING CORPORATION

                                  By: _____
                                      Heidi M. Weiss (HMW-7014)
                                  110 William Street
                                  New York, New York 10038-3901
                                  (212) 809-8000
                                  Our File # NYNY 26851

TO:
Peter A. Greiner, Esq.
Meyerson & O'Neill
Attorneys for Plaintiff
1700 Market Street   Suite 3025
Philadelphia, PA 19103

Stavros E. Sitinas, Esq.
Wingate, Russotti & Shapiro, LLP
Attorneys for Plaintiff
420 Lexington Avenue  Suite 2750
New York, New York 10170