UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARTHA FEDORIW
4134 Cambridge Court
Schnecksville, PA 18078

                         Plaintiff,

vs.

NEW YORK CONVENTION CENTER
OPERATING CORPORATION
655 West 34th Street
New York, NY 10001
      and
CARL ZEISS VISION, INC.
13017 North Kingston Avenue
Chester, VA 23836,
                         Defendants.
-----------------------------------------------------------------------X

Case No.: 07 CIV 7446

**ANSWER**

      Defendant CARL ZEISS VISION, INC., by its attorneys **Biedermann, Reif, Hoenig, & Ruff, P.C.**, as and for its Answer to the Complaint, alleges as follows:

    1.     Denies each and every allegation contained in paragraph "1" of the Complaint.

    2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraphs "2" and "3" of the Complaint.

    3.     Denies each and every allegation contained in paragraph "4" of the Complaint and further responding, alleges that Carl Zeiss Vision, Inc., was and is a Delaware Corporation with a principal place of business in San Diego, California.

    4.     Admits the allegation set forth in paragraphs "5" and "6" of the Complaint.

    5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "7" of the Complaint.

    6.     Denies each and every allegation contained in paragraph "8" of the Complaint.

**COUNT 1**

    7.     In response to paragraph "9" of the plaintiffs' Complaint, Answering Defendant

repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "6" of this Answer with the same force and effect as if set forth fully at length herein.

8.  Denies each and every allegation contained in paragraphs "10", "11", "16", "17, "18" of the Complaint.

9.  Denies each and every allegation contained in both paragraphs designated "15" of the complaint.

10. Denies each and every allegation contained in paragraphs "12", "13" and "14" of the Complaint to the extent they refer to Carl Zeiss Vision, Inc., and further answering denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### FIRST AFFIRMATIVE DEFENSE

11. If plaintiff sustained or suffered damages as alleged in the Complaint, which this answering defendant expressly denies, such damages were caused in whole or in part by plaintiff's negligence or other culpable conduct, or plaintiff's assumption of risk, and, to the extent of her culpability, plaintiff is barred from recovery or, alternatively, shall have his damages reduced in the proportion that plaintiff's culpable conduct bears to all conduct causing or contributing to said damages.

### SECOND AFFIRMATIVE DEFENSE

12. If plaintiff sustained or suffered damages as alleged in the Complaint, which this answering defendant expressly denies, such damages were suffered and sustained by reason of negligence or other culpable conduct of persons or entities over whom these answering defendants exercised no control or supervision, and not by reason of any negligent or culpable conduct of this answering defendant.

### THIRD AFFIRMATIVE DEFENSE

13. Plaintiff has not sustained economic or any other damages.

### FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff fails to state a cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with New York CPLR 4545.

### SIXTH AFFIRMATIVE DEFENSE

16. Plaintiff's recovery, if any, shall be reduced and/or subject to equitable apportionment under New York CPLR Article 16.

### SEVENTH AFFIRMATIVE DEFENSE

17. Any risks, dangers or hazards in existence at the time and place mentioned in the Complaint were open, obvious, apparent and were known to and voluntarily assumed by plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

18. Since Carl Zeiss Vision, Inc. had no notice of the condition plaintiff alleges caused her accident, the occurrence of which Carl Zeiss Vision, Inc. expressly denies, Carl Zeiss Vision, Inc. is not liable to plaintiff and/or any other party in this matter for any share of any recovery obtained by plaintiff.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT NEW YORK CONVENTION CENTER OPERATING CORPORATION

19. In the event this answering defendant is held liable to plaintiff, which liability this answering defendant expressly denies, then any judgment or verdict against this answering defendant will be the result of the negligence, breach of warranty, breach of contract or other wrongful conduct on the part of the above-named co-defendant and, therefore, this answering defendant will be entitled to judgment over and against said co-defendant for the whole or any such verdict or judgment based upon indemnity, or for a portion of any such verdict or judgment, in accordance with the relative responsibilities of the parties, based upon contribution.

**WHEREFORE,** CARL ZEISS VISION, INC. demands judgment dismissing the Complaint, along with the costs, disbursements, and fees associated with the defense of this action, based on common law indemnity or common law contribution, along with the costs, disbursements and fees, including reasonable attorneys fees, associated with the defense of this action.

Dated: New York, New York
       November 26, 2007

Yours, etc.,

BIEDERMANN, REIF, HOENIG & RUFF, P.C.

By: _____
    Peter H. Cooper
**Attorneys for Defendant**
CARL ZEISS VISION, INC.
570 Lexington Avenue, 16th Floor
New York, New York 10022
Tel:  (212) 697-6555

TO:

Stavros E. Sitinas, Esq.
**WINGATE, RUSSOTTI & SHAPIRO, LLP**
Attorneys for Plaintiff
420 Lexington Avenue
Suite 2750
New York, NY 10170
(212) 986-7353

Peter A. Greiner, Esq.
**MEYERSON & O'NEILL**
Attorneys for Plaintiff
1700 Market Street
Suite 3025
Philadelphia, PA 19103
(215) 972-1376

Law Offices of Edward Garfinkel
Attorneys for Defendant
New York Convention Center Operating Corporation
110 William Street
New York, NY 10038-3901
(212) 809-8000

AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      )ss:
COUNTY OF NEW YORK    )

Michelle A. Ritchie, being duly sworn deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Westchester County.

On the 26th day of November, 2007 deponent served the within **ANSWER** upon: -

>   Stavros E. Sitinas, Esq.
>   **WINGATE, RUSSOTTI & SHAPIRO, LLP**
>   Attorneys for Plaintiff
>   420 Lexington Avenue
>   Suite 2750
>   New York, NY 10170
>
>   Peter A. Greiner, Esq.
>   **MEYERSON & O'NEILL**
>   Attorneys for Plaintiff
>   1700 Market Street
>   Suite 3025
>   Philadelphia, PA 19103
>
>   Law Offices of Edward Garfinkel
>   Attorneys for Defendant
>   New York Convention Center Operating Corporation
>   110 William Street
>   New York, NY 10038-3901

the address designated by said attorney by depositing same enclosed in a properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York.

_____
Michelle A. Ritchie

Sworn to before me this
26th day of November, 2007

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20_10_