# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARTHA FEDORIW                                 :        **CIVIL ACTION NO.:**
4134 Cambridge Court                           :        **1:07-CV-07446-HB**
Schnecksville, PA 18078                        :
                        Plaintiff,             :
        vs.                                    :        **JURY TRIAL DEMANDED**
                                               :
CARL ZEISS VISION, INC.                        :
13017 North Kingston Avenue                    :
Chester, VA 23836                              :
        and                                    :
REED EXHIBITION COMPANIES                      :
383 Main Avenue                                :
Norwalk, CT 06851                              :
        and                                    :
FREEMAN DECORATING CO.                         :
1600 Viceroy, Suite 100                        :
Dallas, TX 75235                               :
                        Defendants             :
        and                                    :
NEW YORK CONVENTION CENTER                     :
OPERATING CORPORATION                          :
655 West 34th Street                           :
New York, NY 10001                             :
                        Cross-Defendant   :

## FIRST AMENDED COMPLAINT

Plaintiff, for her civil action against Defendants cited above, Plaintiff

Martha Fedoriw avers as follows:

### NATURE OF THE ACTION

1.      On or about April 2, 2006, Plaintiff, Martha Fedoriw, was a guest and

attendee of the International Vision Expo (the "Expo"), located at the Jacob K. Javits

Convention Center (the "Javits Center") in New York, NY.  The Javits Center is

maintained and operated by Cross-Defendant New York Convention Center Operating

Corporation ("NYCCOC").  Defendant Reed Exhibition Companies ("Reed") entered into

a licence with NYCCOC to use the Javits Center for the purpose of conducting the Expo.

One of the exhibitors at the Expo, Defendant Carl Zeiss Vision, Inc. ("Zeiss Vision"), maintained a booth at the Expo to showcase its products to the Expo attendees. The Zeiss Vision booth was designed and constructed by Defendant Freeman Decorating Co. ("Freeman") and consisted of a raised platform above the Expo floor which was not lit or marked in any way to call attention to any attendees of the Expo that there was a difference in height between the Zeiss Vision booth and the Expo floor. Plaintiff, due to the negligence and carelessness of the Defendants, was caused to slip, trip, stumble and fall due to the defective display and the failure to warn the public of that defective display, sustaining serious and permanent injuries more fully set forth herein.

## PARTIES

2.    Plaintiff, Martha Fedoriw, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, residing therein at 4134 Cambridge Court, Schnecksville, PA.

3.    Defendant Carl Zeiss Vision, Inc. is a Delaware corporation, with its principal place of business located at 13017 North Kingston Avenue, Chester, VA.

4.    Defendant Reed Exhibition Companies is a Massachusetts Corporation, with its principal place of business located at 383 Main Avenue, Norwalk, CT.

5.    Defendant Freeman Decorating Co. is an Iowa corporation with its principal place of business located at 1600 Viceroy, Suite 100, Dallas, TX.

6.    Cross-Defendant New York Convention Center Operating Corporation is a

2

New York corporation, with its principal place of business located at 655 West 34th Street, New York, NY.

## JURISDICTION AND VENUE

7.    This Court has diversity jurisdiction of this claim pursuant to 28 U.S.C.§1332 in that the dispute is between United States citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

8.    Venue is in the Southern District of New York pursuant to 28 U.S.C.§1391 in that Defendant NYCCOC is located in this District, all Defendants regularly do business in this District, and a substantial portion of the events surrounding this incident occurred in this District.

## OPERATIVE FACTS

9.    On April 2, 2006, Plaintiff, Martha Fedoriw, attended the Expo which was taking place at the Javits Center in New York, NY, which is maintained and operated by Cross-Defendant NYCCOC, and was licensed, for the purposes of the Expo, to Defendant Reed.

10.    As she was walking through the Expo, Plaintiff passed by a display for Defendant Zeiss Vision, which had been designed and constructed by Defendant Freeman, when she hit her foot on the raised platform of the exhibit, which was defective in that there was a failure to warn the public of the danger of the raised platform or to clearly mark or light the area to call attention to the raised platform, causing her to fall to the ground and severely injure herself, as set forth more fully

herein.

## COUNT I- NEGLIGENCE/ PREMISES LIABILITY
## PLAINTIFF V. ALL DEFENDANTS

11.     Plaintiff hereby incorporates by reference the allegations contained in

the preceding paragraphs, as if each such allegation was fully set forth at length.

12.     The platform where Plaintiff fell was a dangerous condition at the time of

Plaintiff's injury.  Specifically, the Defendants had taken no steps to warn the guests

and attendees of the Expo that the platform was a dangerous condition or to properly

mark or light the platform in such a way to call attention to the defect.

13.     Plaintiff in no way caused or contributed to the aforementioned accident

and/or her injuries.

14.     With regard to the aforementioned condition of the platform, Defendants

did not act or failed to act through their agents, employees, servants or workman to

eliminate the dangerous condition.

15.     Plaintiff was caused to trip over the platform and fall due to the

carelessness and negligence of the Defendants.

16.     As a guest and business invitee of the Defendants, the Defendants owed

a duty to Plaintiff and other guests to see that hazardous conditions on the property

were eliminated and/or ample warnings were posted to alert guests of these dangers.

17.     The negligence and carelessness of Defendants consists of the following:

     (a)     allowing a dangerous condition to exist on the premises;

     (b)     failing to properly maintain lighting on the premises and platform;

     (c)     failing to inspect the premises for a dangerous condition;

4

(d) failing to take steps to provide an adequate warning of the danger posed by the platform;

(e) failing to maintain the platform in good and safe condition;

(f) allowing a dangerous condition to exist on the property/premises;

(g) failing to provide notice of the dangerous condition to the Expo guests and other business invitees;

(h) failing to inspect the property and platform for a dangerous condition;

(i) failing to take steps to call attention to the raised platform by proper lighting, signs or other means to apprise the public of the danger; and

(j) other liability producing conduct which may be revealed from further investigation and/or discovery.

18.    As a result of the aforementioned incident, Plaintiff Martha Fedoriw suffered injuries, including but not limited to a torn medial meniscus and joint effusion of the left knee which required surgery to attempt to correct; trauma and recurring swelling of her right elbow, shoulder, wrist, and hand; deep vein thrombosis as a result of the knee surgery; and continuing and permanent pain of her arm, shoulder and leg.

19.    As a result of the aforementioned incident, Plaintiff has spent and will continue to spend substantial sums of money for medical care for treatment of these injuries.

20.    As a further consequence of this accident, Plaintiff has been unable to

perform her daily duties and has sustained and continues to sustain substantial work loss.

21.    As a result of this accident, Plaintiff has suffered and continues to suffer great physical pain, mental anguish, disability, embarrassment and loss of life's pleasures.

**COUNT II**
**STRICT LIABILITY**
**PLAINTIFFS V. DEFENDANTS**
**CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES,**
**AND FREEMAN DECORATING CO.**

22.    Plaintiff incorporates by reference the allegations in all of the foregoing paragraphs as if set forth fully herein.

23.    Defendants Zeiss, Reed and Freeman are the designers, manufacturers, assemblers, marketers, promoters, sellers, distributors, installers and/or suppliers of the platform where Plaintiff fell and are strictly liable for designing, creating, manufacturing, labeling, distributing, selling and placing into the stream of commerce the platform.

24.    Defendants Zeiss, Reed and Freeman are the designers, manufacturers, assemblers, marketers, promoters, sellers, distributors, installers and/or suppliers of the Zeiss exhibit where Plaintiff fell and are strictly liable for designing, creating, manufacturing, labeling, distributing, selling and placing into the stream of commerce the Zeiss exhibit.

25.    At all times relevant hereto, Defendants were engaged in the business of designing, manufacturing, testing, distributing, labeling, marketing, promoting, installing

and/or selling, either directly or indirectly, through third parties or related entities including but not limited to Defendants named herein, platform and Zeiss Exhibit.

26.     The platform and Zeiss exhibit reached the users and consumers thereof without any material change in its condition or design.

27.     Defendants expected that the platform and Zeiss exhibit would reach the users and consumers thereof without any material change in its condition or design.

28.     The platform and Zeiss exhibit were defective when they left Defendants' possession because of the defects in the design.  Such design defects included, but are not limited to the following:

> (a)     the platform did not contain adequate warnings  to allow the Expo visitors to easily and safely walk by the Zeiss exhibit without the risk of hitting their foot and falling to the ground;
>
> (b)     the platform was improperly positioned to allow for the Expo visitors to safely pass by the Zeiss exhibit without being caused to hit their foot and fall to the ground;
>
> (c)     the platform did not contain proper lighting or markings in such a way to call attention to the height difference between the platform and the Expo floor such that Expo visitors could be caused to hit their foot on the Zeiss exhibit and fall to the floor;
>
> (d)     failing to have sufficient and appropriate safety design for safe passing by the Zeiss exhibit by the Expo visitors;
>
> (e)     the platform failed to contain any cushioning or guarding to prevent injury to visitors who walked by the Zeiss exhibit;

7

(f)    failing to be reasonably safe for its intended purpose.

29.    The design, manufacture and sale of such platform and Zeiss exhibit with the aforementioned design defects, made the platform and Zeiss  unreasonably dangerous for its intended use.

30.    The foregoing platform and Zeiss exhibit was designed, manufactured, assembled and sold lacking adequate warnings and instructions for safe use at the Expo to avoid the risk of serious injury, including but not limited to failure to warn the Expo visitors of the variance in height from the exhibit and the Expo floor.

31.    The foregoing platform and Zeiss exhibit was unreasonably dangerous and defective in so far as it was not accompanied by adequate warnings or instructions as set forth above.

32.    As a direct, proximate and legal result of the defective condition of the foregoing platform and Zeiss exhibit themselves,  designed, manufactured, sold, assembled, packaged, distributed and/or supplied by Defendants, Plaintiff has suffered and will continue to suffer the injuries, harm, economic loss and damages heretofore alleged.

WHEREFORE, Plaintiff requests judgment in their favor and against Defendants Zeiss, Reed and Freeman in an amount in excess of $75,000.00.

**COUNT III**
**NEGLIGENCE**
**PLAINTIFFS V. DEFENDANTS**
**CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES,**
**AND FREEMAN DECORATING CO.**

33.    Plaintiff incorporates by reference the allegations in all of the foregoing paragraphs as if set forth fully herein.

34. Defendants Zeiss, Reed and Freeman had a duty to exercise reasonable care in the manufacture, assembly, installation, sale and/or distribution of the foregoing platform, including a duty to assure that the product did not cause or expose users to unreasonable harm, danger and risk of serious injury.

35. Defendants had a duty to exercise reasonable care in the manufacture, assembly, sale and/or distribution of the foregoing Zeiss exhibit, including a duty to assure that the products did not cause or expose users or to unreasonable harm, danger and risk of serious injury.

36. Defendants owed Plaintiff and other visitors of the Expo who walked by the platform and Zeiss exhibit which Defendants designed, manufactured, assembled, distributed and sold, a duty to place adequate warnings concerning any dangers posed by the height of the platform relative to the Expo floor.

37. Defendants were negligent in designing, manufacturing, assembling, testing, selling and distributing the platform and Zeiss exhibit , all of which were unsafe and defective for the reasons alleged in the foregoing Counts, in failing to discover the design defect when the Defendants knew or should have known of the dangerous and defective condition; in failing to warn users of the dangerous and defective condition of the platform and Zeiss exhibit ; in failing to issue a recall; and in failing to use reasonable and ordinary care for the protection of the Expos visitors who would come in contact with the platform and Zeiss exhibit, and in failing to exercise quality assurance and control.

38. As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiff has suffered

and will continue to suffer the injuries, harm, economic loss and damages heretofore

alleged.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.    General damages in excess of $75,000.00.

2.    Special damages in excess of $75,000.00.

3.    Cost of suit.

4.    Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Dated: January 16, 2008

BY: /s/Peter A. Greiner
Peter A. Greiner, Esquire
*Admitted Pro Hac Vice*
Meyerson & O'Neill
1700 Market Street
Suite 3025
Philadelphia, PA 19103
(215) 972-1376

Stavros E. Sitinas, Esquire
Wingate, Russotti & Shapiro, LLP
420 Lexington Avenue
Suite 2750
New York, NY 10170
(212) 986-7353

Attorneys for Plaintiff