UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTHA FEDORIW                                      Case No.: 1:07 CIV 07446-HB
4134 Cambridge Court
Schnecksville, PA 18078

                          Plaintiff,

                                                    **ANSWER TO FIRST
                                                    AMENDED COMPLAINT**

          vs.

CARL ZEISS VISION, INC.
13017 North Kingston Avenue
Chester, VA 23836
          and
REED EXHIBITION COMPANIES
383 Main Avenue
Norwalk, CT 06851
          and
MAUK DESIGN, INC.
330 Fell Street
San Francisco, CA 94102
          and
PINNACLE EXHIBITS, INC.
22400 NW Westmark Drive
Hillsboro, OR 97124

                          Defendants,

          and
NEW YORK CONVENTION CENTER
OPERATING CORPORATION
655 West 34th Street
New York, NY 10001
                          Cross-Defendant.
------------------------------------------------------------------X

          Defendant CARL ZEISS VISION, INC., by its attorneys **Biedermann, Reif, Hoenig, &**

**Ruff, P.C.,** as and for its Answer to the First Amended Complaint, alleges as follows:

                          <u>NATURE OF THE ACTION</u>

          First:   Denies the allegations contained in paragraph 1 of the first amended complaint to

the extent they refer to Carl Zeiss Vision, Inc., and further answering denies knowledge or

information sufficient to form a belief as to the truth of the allegations in the first amended

complaint.

## PARTIES

Second:  Denies knowledge or information sufficient to form a belief as to the truth of the  allegation in paragraphs "2", "4", "5", "6", and "7" of the First Amended Complaint.

Third:    Denies each and every allegation contained in paragraph "3"of the First Amended Complaint, and further responding, alleges that Carl Zeiss Vision Inc. was and is a Delaware Corporation with a principal place of business in San Diego, California.

## JURISDICTION AND VENUE

Fourth:    Admits the allegation set forth in paragraphs  "8" and "9" of the First Amended Complaint.

## OPERATIVE FACTS

Fifth:    Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "10" of the First Amended Complaint.

Sixth:    Denies each and every allegation contained in paragraph "11" of the First Amended Complaint.

## COUNT 1

Seventh:  In response to paragraph "12" of the plaintiffs' First Amended Complaint, Answering Defendant repeat, reiterate and reallege each and every response set forth in paragraphs "First" through "Sixth" of this Answer to First Amended Complaint with the same force and effect as if set forth fully at length herein.

Eighth:    Denies each and every allegation contained in paragraphs "13", "14", "19", "20, "21" and "22" of the First Amended Complaint.

Ninth:      Denies the allegations contained in paragraphs "15", "16", "17" and "18" of the first amended complaint to the extent they refer to Carl Zeiss Vision, Inc., and further answering

2

denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first amended complaint.

## COUNT II

Tenth: In response to paragraph "23" of the plaintiffs' First Amended Complaint, Answering Defendant repeat, reiterate and reallege each and every response set forth in paragraphs "First" through "Ninth" of this Answer with the same force and effect as if set forth fully at length herein.

Eleventh: Denies the allegations contained in paragraphs "24", "25", "26", "28", "30", "31" and "32" of the first amended complaint to the extent they refer to Carl Zeiss Vision, Inc., and further answering denies knowledge or information sufficient to form a belief as to the truth of the allegation in the first amended complaint.

Twelfth: Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "27" of the First Amended Complaint.

Thirteenth: Denies each and every allegation contained in paragraphs "29" and "33" of the first amended Complaint.

## COUNT III

Fourteenth: In response to paragraph "34" of the plaintiffs' first amended complaint, Answering Defendants repeat, reiterate and reallege each and every response set forth in paragraphs "first" through "thirteenth" of this answer to first amended complaint with the same force and effect as if set forth fully at length herein.

Fifteenth: Denies the allegations contained in paragraphs "35", "36", "37" and "38" of the first amended complaint to the extent they refer to Carl Zeiss Vision, Inc., and further answering denies knowledge or information sufficient to form a belief as to the truth of the allegation in the first amended complaint.

Sixteenth: Denies each and every allegation contained in paragraph "39" first amended complaint.

### FIRST AFFIRMATIVE DEFENSE

Seventeenth: If plaintiff sustained or suffered damages as alleged in the Complaint, which this answering defendant expressly denies, such damages were caused in whole or in part by plaintiff's negligence or other culpable conduct, or plaintiff's assumption of risk, and, to the extent of her culpability, plaintiff is barred from recovery or, alternatively, shall have his damages reduced in the proportion that plaintiff's culpable conduct bears to all conduct causing or contributing to said damages.

### SECOND AFFIRMATIVE DEFENSE

Eighteenth:    If plaintiff sustained or suffered damages as alleged in the Complaint, which this answering defendant expressly denies, such damages were suffered and sustained by reason of negligence or other culpable conduct of persons or entities over whom these answering defendants exercised no control or supervision, and not by reason of any negligent or culpable conduct of this answering defendant.

### THIRD AFFIRMATIVE DEFENSE

Nineteenth:    Plaintiff has not sustained economic or any other damages.

### FOURTH AFFIRMATIVE DEFENSE

Twentieth:    Plaintiff fails to state a cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Twenty-First:    Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with New York CPLR 4545.

### SIXTH AFFIRMATIVE DEFENSE

Twenty-Second: Plaintiff's recovery, if any, shall be reduced and/or subject to equitable

4

apportionment under New York CPLR Article 16.

## SEVENTH AFFIRMATIVE DEFENSE

Twenty-Third:  Any risks, dangers or hazards in existence at the time and place mentioned in the Complaint were open, obvious, apparent and were known to and voluntarily assumed by plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Twenty-Fourth:  Since Carl Zeiss Vision, Inc. had no notice of the condition plaintiff alleges caused her accident, the occurrence of which Carl Zeiss Vision, Inc. expressly denies, Carl Zeiss Vision, Inc. is not liable to plaintiff and/or any other party in this matter for any share of any recovery obtained by plaintiff.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS REED EXHIBITION COMPANIES, MAUK DESIGN, INC., PINNACLE EXHIBITS, INC. AND NEW YORK CONVENTION CENTER OPERATING CORPORATION

Twenty-Fifth: In the event this answering defendant is held liable to plaintiff, which liability this answering defendant expressly denies, then any judgment or verdict against this answering defendant will be the result of the negligence or other wrongful conduct on the part of the above-named co-defendants and, therefore, this answering defendant will be entitled to judgment over and against said co-defendants for the whole of any such verdict or judgment based upon indemnity, or, for a portion of any such verdict or judgment, in accordance with the relative responsibilities of the parties, based upon contribution.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS REED EXHIBITION COMPANIES, MAUK DESIGN, INC., PINNACLE EXHIBITS, INC. AND NEW YORK CONVENTION CENTER OPERATING CORPORATION

Twenty-Sixth:        In the event that this answering defendant are held liable to plaintiff,

which liability this answering defendant expressly denies, then any judgment or verdict against this answering defendant will be the result of the active, direct and primary negligence or other wrongful conduct, including, but not limited to, breach of contract on the part of co-defendants, such contract requiring co-defendants to defend and indemnify this answering defendant and procure insurance naming this answering defendant as insured, while the negligence of this answering defendant would be merely constructive, technical, vicarious, subordinate and passive and, therefore, this answering defendant will be entitled to full common law and/or express and/or implied contractual indemnity from co-defendants in an amount equal to the total sum of such judgment or verdict, together with the costs and disbursements of the within action.

**WHEREFORE,** CARL ZEISS VISION, INC. demands judgment dismissing the First Amended Complaint, along with the costs, disbursements, and fees associated with the defense of this action, based on common law indemnity or common law contribution, along with the costs, disbursements and fees, including reasonable attorneys fees, associated with the defense of this action.

Dated: New York, New York
      March    5th , 2008

                      Yours, etc.,

                      **BIEDERMANN, REIF, HOENIG & RUFF, P.C.**

                      By: _____
                            Peter H. Cooper
                      **Attorneys for Defendant**
                      CARL ZEISS VISION, INC.
                      570 Lexington Avenue, 16th Floor
                      New York, New York 10022
                      Tel:  (212) 697-6555

TO:

Stavros E. Sitinas, Esq.
**WINGATE, RUSSOTTI & SHAPIRO, LLP**
Attorneys for Plaintiff
420 Lexington Avenue
Suite 2750
New York, NY 10170
(212) 986-7353

Peter A. Greiner, Esq.
**MEYERSON & O'NEILL**
Attorneys for Plaintiff
1700 Market Street
Suite 3025
Philadelphia, PA 19103
(215) 972-1376

Law Offices of Edward Garfinkel
Attorneys for Defendant
New York Convention Center Operating Corporation
110 William Street
New York, NY 10038-3901
(212) 809-8000

Reed Exhibition Companies
383 Main Avenue
Norwalk, CT 06851

Mauk Design, Inc.
330 Fell Street
San Francisco, CA 97124

Pinnacle Exhibits, Inc.
22400 NW Westmark Drive
Hillsboro, OR 97124

8

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK      )
                                           )ss:
COUNTY OF NEW YORK    )

     Secora M. Edey-Brathwaite, being duly sworn deposes and says that deponent is not a

party to the action, is over 18 years of age and resides in Kings County.

     On the 5th day of March, 2008 deponent served the within **Answer to First Amended**

**Complaint** upon: -

               Stavros E. Sitinas, Esq.
               **WINGATE, RUSSOTTI & SHAPIRO, LLP**
               Attorneys for Plaintiff
               420 Lexington Avenue
               Suite 2750
               New York, NY 10170

               Peter A. Greiner, Esq.
               **MEYERSON & O'NEILL**
               Attorneys for Plaintiff
               1700 Market Street
               Suite 3025
               Philadelphia, PA 19103

               Law Offices of Edward Garfinkel
               Attorneys for Defendant
               New York Convention Center Operating Corporation
               110 William Street
               New York, NY 10038-3901

               Reed Exhibition Companies
               383 Main Avenue
               Norwalk Connecticut 06851

               Mauk Design, Inc.
               330 Fell Street
               San Francisco, CA 97124

               Pinnacle Exhibits, Inc.
               22400 NW Westmark Drive
               Hillsboro, OR 97124

the address designated by said attorney by depositing same enclosed in a properly addressed

wrapper, in an official depository under the exclusive care and custody of the United States Postal

Office within the State of New York.

_Secora M. Edey-Brathwaite_
Secora M. Edey-Brathwaite

Sworn to before me this
5th day of March, 2008

_____
        Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__10