UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
MARTHA FEDORIW                                  Civil Action No.:
4134 Cambridge Court                            1:07-CV-07446-HB
Schnecksville, PA 18078

                    Plaintiff,             ANSWER WITH
                                             CROSS-CLAIM
    -against-

CARL ZEISS VISION, INC.
13017 North Kingston Avenue
Chester, VA 23836

        and

REED EXHIBITION COMPANIES
383 Main Avenue
Norwalk, CT 06851

        and

MAUK DESIGN, INC.
330 Fell Street
San Francisco, CA 94102

        and

PINNACLE EXHIBITS, INC.
22400 NW Westmark Drive
Hillsboro, OR 97124

                    Defendants,

        and

NEW YORK CONVENTION CENTER
OPERATING CORPORATION
655 West 34th Street
New York, NY 10001

                    Cross-Defendant.
----------------------------------------x

        The defendant, MAUK DESIGN, INC., by its attorneys, KELLY, RODE & KELLY, LLP, answering the Complaint of the plaintiff herein:

ANSWERING EACH AND EVERY CAUSE
OF ACTION OF THE COMPLAINT

1.      Admits that plaintiff purports to state claims for negligence in the complaint; deny that the defendant is liable for any of the causes of action contained in the complaint; and deny the remaining allegations contained in paragraph "1" except admit that defendant was involved in the design of the Zeiss Vision booth.

2.      The averments of paragraph "2" are conclusions of law to which no response is required. To the extent a response is deemed required, the averments this paragraph are denied.

3.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "3" of the Complaint.

4.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "4" of the Complaint.

5.      Admit that defendant, MAUK DESIGN, INC., is a California corporation with its principal place of business at 330 Fell Street, San Francisco, California.

6.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "6" of the Complaint.

7.      Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "7" of the Complaint.

8. The averments of paragraph "8" are conclusions of law to which no response is required.

9. The averments of paragraph "9" are conclusions of law to which no response is required.

10. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "10" of the Complaint.

11. Denies each and every allegation contained in paragraphs numbered "11" of the Complaint.

12. Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "12" of the Complaint with the same force and effect as if here repeated and again set forth at length.

13. Denies each and every allegation contained in paragraph numbered "13" of the Complaint.

14. Denies each and every allegation contained in paragraph numbered "14" of the Complaint.

15. Denies each and every allegation contained in paragraph numbered "15" of the Complaint.

16. Denies each and every allegation contained in paragraph numbered "16" of the Complaint.

17. Denies each and every allegation contained in paragraph numbered "17" of the Complaint.

18.     Denies each and every allegation contained in paragraph numbered "18"(a)-(j) of the Complaint.

19.     Denies each and every allegation contained in paragraph numbered "19" of the Complaint.

20.     Denies each and every allegation contained in paragraph numbered "20" of the Complaint.

21.     Denies each and every allegation contained in paragraph numbered "21" of the Complaint.

22.     Denies each and every allegation contained in paragraph numbered "22" of the Complaint.

23.     Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "23" of the Complaint with the same force and effect as if here repeated and again set forth at length.

24.     Denies each and every allegation contained in paragraph numbered "24" of the Complaint insofar as the same are alleged as to this answering defendant.

25.     Denies each and every allegation contained in paragraph numbered "25" of the Complaint insofar as the same are alleged as to this answering defendant.

26.     Denies each and every allegation contained in paragraph numbered "26" of the Complaint insofar as the same are alleged as to this answering defendant.

27. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "27" of the Complaint.

28. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "28" of the Complaint.

29. Denies each and every allegation contained in paragraph numbered "29"(a)-(f) of the Complaint.

30. Denies each and every allegation contained in paragraph numbered "30" of the Complaint.

31. Denies each and every allegation contained in paragraph numbered "31" of the Complaint.

32. Denies each and every allegation contained in paragraph numbered "32" of the Complaint.

33. Denies each and every allegation contained in paragraph numbered "33" of the Complaint.

34. Repeats, reiterates and realleges each and every admission and denial heretofore made to the allegations contained in the paragraphs mentioned in paragraph numbered "34" of the Complaint with the same force and effect as if here repeated and again set forth at length.

35. Denies each and every allegation contained in paragraph numbered "35" of the Complaint insofar as the same are alleged as to this answering defendant.

36.     Denies each and every allegation contained in paragraph numbered "36" of the Complaint.

37.     Denies each and every allegation contained in paragraph numbered "37" of the Complaint.

38.     Denies each and every allegation contained in paragraph numbered "38" of the Complaint.

39.     Denies each and every allegation contained in paragraph numbered "39" of the Complaint.

FOR A FIRST, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT, MAUK DESIGN, INC., RESPECTFULLY
SHOWS THIS COURT, UPON INFORMATION AND BELIEF:

40.     That any injuries or damages sustained by the plaintiff were occasioned through the negligence and culpable conduct on the part of the plaintiff.

FOR A SECOND, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT, MAUK DESIGN, INC., RESPECTFULLY
SHOWS THIS COURT, UPON INFORMATION AND BELIEF:

41.     That the party making claims failed to mitigate damages.

FOR A THIRD, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT, MAUK DESIGN, INC., RESPECTFULLY
SHOWS THIS COURT, UPON INFORMATION AND BELIEF:

42.     That the answering defendant, if found to be at all liable, is entitled to a limitation of that liability pursuant to Article 16 of the CPLR.

FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE
THE DEFENDANT, MAUK DESIGN, INC., RESPECTFULLY
<u>SHOWS THIS COURT, UPON INFORMATION AND BELIEF:</u>

43. That the plaintiff's Complaint fails to state sufficient facts to constitute a cause of action against this defendant.

AS A BASIS FOR AFFIRMATIVE RELIEF AND AS FOR A CROSS-COMPLAINT AGAINST CO-DEFENDANT(S) CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES, PINNACLE EXHIBITS, INC., and NEW YORK CONVENTION CENTER, THIS ANSWERING DEFENDANT <u>ALLEGES UPON INFORMATION AND BELIEF:</u>

44. That if judgment is rendered against this defendant, the defendant will be damaged thereby and demands that such judgment be apportioned in accordance with the respective degrees of fault of those culpable, and further demands that this defendant be granted indemnification in accordance with any applicable contracts, agreements or warranties, express or implied, or by reason of the active, and primary negligence of the other defendants herein.

WHEREFORE, the answering defendant, MAUK DESIGN, INC. demands judgment dismissing the Complaint herein as to the answering defendant with costs, and further demands that the ultimate rights of the answering defendant and the co-defendant(s), CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES, PINNACLE EXHIBITS, INC., NEW YORK CONVENTION CENTER, as between themselves be determined in this action, and that the answering defendant have judgment over and against the co-defendant(s), CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES, PINNACLE EXHIBITS, INC., NEW YORK

CONVENTION CENTER, for all or a part of any verdict or judgment which may be obtained herein by the plaintiff against the answering defendant, together with costs and disbursements of this action.

Dated: Mineola, New York
       March 12, 2008

                                          Respectfully submitted,

                                          KELLY, RODE & KELLY, LLP
                                          Attorneys for Defendant
                                          MAUK DESIGN, INC.
                                          330 Old Country Road
                                          Suite 305
                                          Mineola, NY 11501
                                          Our File No.: SV 100850-400

                                          _____
                                          ERIC BETRON (EB 6855)

TO:   MEYERSON & O'NEILL
      *Admitted Pro Hac Vice*
      Office & P.O. Address
      1700 Market Street
      Suite 3025
      Philadelphia, PA 19103
      (215) 972-1376

      WINGATE, RUSSOTTI & SHAPIRO, LLP
      Attorneys for Plaintiff
      Office & P.O. Address
      420 Lexington Avenue
      Suite 2750
      New York, New York 10170
      (212) 986-7353

      BIEDERMANN, HOENIG, MASSAMILLO &
        RUFF, P.C.
      Attorneys for Defendant
      CARL ZEISS VISION, INC.
      90 Park Avenue
      New York, New York 10016
      (212) 697-6555

      REED EXHIBITION COMPANIES
      383 Main Avenue
      Norwalk, CT 06851

PINNACLE EXHIBITS, INC.
22400 NW Westmark Drive
Hillsboro, OR 97124

The Law Offices of Edward
   Garfinkel
Attorneys for
NEW YORK CONVENTION CENTER
OPERATING CORPORATION
110 William Street
17th Floor
New York, New York 10038
(212) 809-8000

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2008, I served a true copy of the annexed ANSWER by mailing same in a sealed envelope, by first class mail with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

MEYERSON & O'NEILL
1700 Market Street, Suite 3025
Philadelphia, PA 19103

WINGATE, RUSSOTTI & SHAPIRO, LLP
420 Lexington Avenue, Suite 2750
New York, New York 10170

BIEDERMANN, HOENIG, MASSAMILLO &
  RUFF, P.C.
90 Park Avenue
New York, New York 10016

REED EXHIBITION COMPANIES
383 Main Avenue
Norwalk, CT 06851

PINNACLE EXHIBITS, INC.
22400 NW Westmark Drive
Hillsboro, OR 97124

The Law Offices of Edward
  Garfinkel
110 William Street, 17th Floor
New York, New York 10038

_____
ERIC BETRON (EB 6855)