UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x     07-CV-07446
MARTHA FEDORIW,

          Plaintiff,

                      **VERIFIED ANSWER TO**
       v.                 **COMPLAINT**

CARL ZEISS VISION, INC., REED EXHIBITION  **JURY DEMANDED**
COMPANIES, MAUK DESIGN, PINNACLE
EXHIBITS, INC. AND NEW YORK CONVENTION
CENTER OPERATING CORPORATION,

          Defendants.
------------------------------------x

    Defendant, Pinnacle Exhibits, Inc., by its attorneys, HOEY, KING, TOKER & EPSTEIN, answers the Complaint of the Plaintiff by stating as follows:

    1.   Denies, upon information and belief, the allegations of paragraph 1.

    2.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

    3.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

    4.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

    5.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

    6.   Denies, upon information and belief, the allegations of paragraph 6 and respectfully refers all questions of law to this Honorable Court.

7.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.    Denies, upon information and belief, the allegations of paragraph 8 and respectfully refers all questions of law to this Honorable Court.

9.    Denies, upon information and belief, the allegations of paragraph 9 and respectfully refers all questions of law to this Honorable Court.

10.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.    Denies, upon information and belief, the allegations of paragraph 11.

12.    Responds to paragraph 12 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

13.    Denies, upon information and belief, the allegations of paragraph 13.

14.    Denies, upon information and belief, the allegations of paragraph 14.

15.    Denies, upon information and belief, the allegations of paragraph 15.

16.    Denies, upon information and belief, the allegations of paragraph 16.

17.   Denies, upon information and belief, the allegations of paragraph 17.

18.   Denies, upon information and belief, the allegations of paragraph 18.

18.   Denies, upon information and belief, the allegations of paragraph 18a.

18.   Denies, upon information and belief, the allegations of paragraph 18b.

18.    Denies, upon information and belief, the allegations of paragraph 18c.

18.   Denies, upon information and belief, the allegations of paragraph 18d.

18.   Denies, upon information and belief, the allegations of paragraph 18e.

18.    Denies, upon information and belief, the allegations of paragraph 18f.

18.   Denies, upon information and belief, the allegations of paragraph 18g.

18.   Denies, upon information and belief, the allegations of paragraph 18h.

18.   Denies, upon information and belief, the allegations of paragraph 18i.

18.   Denies, upon information and belief, the allegations of paragraph 18j.

19.  Denies, upon information and belief, the allegations of paragraph 19.

20.  Denies, upon information and belief, the allegations of paragraph 20.

21.  Denies, upon information and belief, the allegations of paragraph 21.

22.  Denies, upon information and belief, the allegations of paragraph 22.

23.  Responds to paragraph 23 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

24.  Denies, upon information and belief, the allegations of paragraph 24.

25.  Denies, upon information and belief, the allegations of paragraph 25.

26.  Denies, upon information and belief, the allegations of paragraph 26.

27.  Denies, upon information and belief, the allegations of paragraph 27

28.  Denies, upon information and belief, the allegations of paragraph 28.

29.  Denies, upon information and belief, the allegations of paragraph 29.

29.  Denies, upon information and belief, the allegations of paragraph 29a.

29.  Denies, upon information and belief, the allegations of paragraph 29b.

29.  Denies, upon information and belief, the allegations of paragraph 29c.

29.  Denies, upon information and belief, the allegations of paragraph 29d.

29.  Denies, upon information and belief, the allegations of paragraph 29e.

29.  Denies, upon information and belief, the allegations of paragraph 29f.

30.  Denies, upon information and belief, the allegations of paragraph 30.

31.  Denies, upon information and belief, the allegations of paragraph 31.

32.  Denies, upon information and belief, the allegations of paragraph 32.

33.  Denies, upon information and belief, the allegations of paragraph 33.

34.  Responds to paragraph 34 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

35.   Denies, upon information and belief, the allegations of paragraph 35 and respectfully refers all questions of law to this Honorable Court.

36.   Denies, upon information and belief, the allegations of paragraph 36 and respectfully refers all questions of law to this Honorable Court.

37.   Denies, upon information and belief, the allegations of paragraph 37 and respectfully refers all questions of law to this Honorable Court.

38.   Denies, upon information and belief, the allegations of paragraph 38.

39.   Denies, upon information and belief, the allegations of paragraph 39.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

40.   The injuries alleged to have been suffered by the Plaintiff were caused, in whole or part, by the conduct of Plaintiff. Plaintiff's claims therefore are barred or diminished in the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct causing the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

41.   The injuries and damages alleged in the Complaint were caused or contributed to by the culpable conduct including contributory negligence, assumption of the risk and/or product misuse of persons over whom this Defendant had no authority or control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

42.   Pursuant to CPLR Article 16, the liability of this Defendant to the Plaintiff for non-economic loss shall not exceed the equitable share of this Defendant determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

43.   That recovery, if any, on the Complaint of the Plaintiff shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

44.   That the product which is the subject of this action was misused by the Plaintiff and/or by others over whom this answering Defendant had not exercised any control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

45.   That if it is determined that this answering Defendant is responsible for the acts alleged in the Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

46.   The injuries and damages alleged in the Complaint of the Plaintiff were caused or contributed to by Plaintiff's culpable

conduct in assuming the risk under the conditions and circumstances existing.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

47.  The injuries and damages alleged in the complaint and Third-Party complaint were caused or contributed to by Plaintiff(s)' and/or Third-Party Plaintiff(s)' culpable conduct in assuming the risk under the conditions and circumstances existing.

**AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST: CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES MAUK DESIGN,INC AND NEW YORK CONVENTION CENTER**

48.  Carl Zeiss Vision, Inc., Reed Exhibition Companies Mauk Design,inc and New York Convention Center If any plaintiff recovers against this Defendant, then this Defendant will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

**AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST: CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES MAUK DESIGN,INC AND NEW YORK CONVENTION CENTER**

49.  If any plaintiff recovers against this Defendant, then this Defendant will be entitled to be indemnified and to recover the full amount of any judgment from the Carl Zeiss Vision, Inc., Reed Exhibition Companies Mauk Design,inc and New York Convention Center.

WHEREFORE, this Defendant demands judgment dismissing the Complaint, together with costs and disbursements, and in the

event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other party on the respective crossclaims and/or counterclaims.

DATED: April 4, 2008
        New York, New York

                        Yours, etc.

                        HOEY, KING, TOKER & EPSTEIN
                        Attorneys for **Defendant
                        PINNACLE EXHIBITS, INC.**
                        Office and Post Office Address
                        55 Water Street, 29th Floor
                        New York, New York 10041-2899
                        (212) 612-4200

                        By:

                        _____
                        Gregory E. Walthall (4904)

To:

Meyerson & O'Neill
Attorneys for Plaintiff, Martha Fedoriw
1700 Market Street
Suite 3025
Philadelphia, PA. 19103

Biedermann, Hoenig, Massamillo & Ruff, P.C.
Attorneys for Defendant, Carl Zeiss Vision, Inc.
90 Park Avenue
New York, New York 10016

Pepper Hamilton, LLP
Attorneys for Defendant, Reed Exhibition Companies
301 Carnegie Center
Suite 400
Princeton, New Jersey 08543

Kelly, Rode & Kelly, LLP
Attorneys for Defendant, Mauk Design, Inc.
330 Old Country Road, Suite 305
Mineola, New York  11501

The Law Offices of Edward Garfinkel
Attorneys for Defendant, New York Convention Center Operating
Corporation
110 William Street, 17th Floor
New York, New York 10038