UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTHA FEDORIW,<br><br>                        Plaintiff,<br><br>v.<br><br>CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES, MAUK DESIGN, INC., PINNACLE EXHIBITS, INC. and NEW YORK CONVENTION CENTER OPERATING CORPORATION,<br><br>                        Defendants. | CIV. A. NO. 1:07-CV-7446 (HB)<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT REED ELSEVIER, INC. FOR LEAVE TO AMEND ITS ANSWER AND CROSS-CLAIMS |

       Defendant Reed Elsevier, Inc. (improperly pled as Reed Exhibition Companies) (hereinafter "Reed") submits this memorandum of law in support of its Motion for Leave to Amend its Answer and Cross-Claims.  In the Amended Complaint, plaintiff Martha Fedoriw ("Plaintiff") asserts claims against Reed and four other defendants for negligence and strict liability in connection with an alleged injury that Plaintiff sustained at the Jacob K. Javits Convention Center when she allegedly tripped over defendant Carl Zeiss Vision, Inc.'s exhibit platform located at the 2006 International Vision Expo East.  Reed was served with the Amended Complaint on or about February 21, 2008 and timely filed its Answer and Cross-Claims to the Amended Complaint on March 21, 2008.  In Reed's Answer it asserted, among other things, a cross-claim against defendant Carl Zeiss Vision, Inc. ("Carl Zeiss") for indemnification.

       The indemnification cross-claim against Carl Zeiss states that to the extent that Reed is liable, Carl Zeiss should be required to indemnify Reed for any damages arising out of this lawsuit under common law or statute.  Reed recently discovered a copy of a booth agreement ("Booth Agreement") between Reed and Carl Zeiss whereby Carl Zeiss contractually agreed to

indemnify Reed for any accidents in connection with Carl Zeiss's exhibit at the 2006 International Vision Expo East. *See* Stio Aff. ¶ 4, Ex. A (Booth Agreement). Accordingly, Reed now moves this Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend its cross-claim against Carl Zeiss to add the word "contract" to its existing indemnification cross-claim. *Id.* ¶ 7, Ex. B (Reed's Amended Answer and Cross-Claims). As more fully explained below, this proposed amendment will not unduly prejudice any of the parties or delay the proceedings because Reed has already pled a claim for indemnification in this action and discovery on this issue has not even begun. Finally, all of the parties (with the exception of Carl Zeiss) do not oppose this amendment.

## I.   LEGAL ARGUMENT

As this Court is well aware, Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(3). The United States Supreme Court clarified this liberal standard in *Foman v. Davis*, 371 U.S. 178, 182 (1962), explaining that:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Id.*; *see also Gumer v. Shearson, Hammill & Co., Inc.*, 516 F.2d 283, 287 (2d Cir. 1974) ("Leave to amend should be freely given when justice so requires, Rule 15(a), especially where, as here, there was no good reason not to grant it."). Accordingly, absent a substantial reason to deny such a motion, courts interpreting Rule 15(a) ordinarily grant motions to amend. *Garvin v. United States*, No. 00-CV-2810(JG), 2001 WL 1078339, at *1 (E.D.N.Y. Aug. 22, 2001). The

Second Circuit has followed this approach, noting that an "amendment should normally be permitted." *Id.* (citing *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir. 1995)).

In considering motions for leave to amend pleadings, courts weigh several factors, including any undue delay, bad faith, futility of the amendment, or undue prejudice to the party opposing the amended pleading. *See Ramos v. O'Connell*, 169 F.R.D. 260, 262 (S.D.N.Y. 1996). However, "mere delay absent a showing of bad faith or undue prejudice[] does not provide a basis for the district court to deny the right to amend." *Id.* Thus, in deciding this Motion, this Court should consider whether: (1) the minor change in Reed's cross-claim for indemnification will unduly prejudice Carl Zeiss; (2) Reed unduly delayed the filing of its amended Answer and Cross-Claims; (3) Reed acted in bad faith; and (4) the amendment is futile.

**A.     Reed's Amended Pleading Will Not Unduly Prejudice Carl Zeiss**

Reed's proposed amendment will not "unduly prejudice" Carl Zeiss because it will not result in a new claim against Carl Zeiss, will not prolong discovery, nor will it delay a trial in this matter. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute . . . ."). Indeed, no prejudice in this matter will occur because no discovery has been taken on the indemnification issue that is the subject of this Motion, and under the Court's recent directive, the parties have until two weeks before trial of this case, which will take place in November 2008,[1] to complete discovery. Therefore, there is more than ample time to take discovery on this issue. *See* Stio

---

[1] Pursuant to the Pretrial Scheduling Order, this case was added to the November 2008 Trailing Trial Calendar. Stio Aff. ¶ 8, Ex. C (Pretrial Scheduling Order).

Aff. ¶ 9, Ex. D (Endorsed letter addressed to Judge Harold Baer, Jr. from Peter A. Greiner, Esq. dated June 20, 2008).

**B.     There Is No Evidence Of Either Undue Delay Or Bad Faith**

There is no undue delay here because, upon Reed's discovery of the indemnification language in the Booth Agreement, Reed immediately brought the existence of that language to the attention of all the parties and moved for leave to amend its cross-claim shortly thereafter.  *See* Stio Aff. ¶ 5.  Indeed, on or about July 15, 2008, Reed's corporate representative located a Booth Agreement which was stored in Reed's off-site archives.  *See* Stio Aff. ¶ 3.  Upon learning of the indemnification provision in the Booth Agreement, Reed notified the other parties of its existence and sought each party's consent to amend its indemnification claim against Carl Zeiss to reference the indemnification language in the Booth Agreement.  *See id.* ¶ 5.  All of the parties (except for Carl Zeiss) consented to Reed's filing of the amended cross-claim.  *Id.* ¶ 6.  Once Carl Zeiss informed Reed that it opposed Reed's proposed amendment, on or about July 18, 2008, Reed filed this Motion.  Reed's diligence in advising all parties of the Booth Agreement and filing a motion can hardly be considered an undue delay.

Moreover, even if the Court views the approximate four (4) month gap between the filing of the original Answer and Cross-Claims on March 18, 2008 and the filing of this Motion as a period of "delay," this time period falls far short of the amount of time that constitutes "undue delay" in this Circuit.  *Compare Garvin*, 2001 WL 1078339, at *2 ("defendant's ten-month delay alone is an insufficient reason to deny the motion to amend its answer"); *McCoy v. Goldberg*, 845 F. Supp. 155, 157 (S.D.N.Y. 1994) (two and one-half (2.5) year delay alone is not grounds for denying defendant's motion to amend its answer); *Nester's Map & Guide Corp. v. Hagstrom Map Co., Inc.*, No. 90 CV 1086, 1991 WL 58282, at *1 (E.D.N.Y. April 5, 1991) (nine-month delay alone is not grounds for denying defendant's motion

-4-

to amend its answer); *Brathwaite v. St. John's Episcopal Hospital*, No. CV-85-4192, 1987 WL 25911, at *2-3 (E.D.N.Y. Nov. 18, 1987) (although there was no satisfactory explanation for the delay in filing the amended answer, the Court held that the thirteen and one-half (13.5) month delay was not grounds for denying defendant's motion to amend its answer); *with Vibrant Sales, Inc. v. New Body Boutique, Inc.*, 105 F.R.D. 553, 555 (S.D.N.Y. 1985) (proposed amendment would cause undue delay where plaintiff sought to reopen proceeding with amended complaint more than four and one-half (4.5) years after trial).

There also is no bad faith present here. First, the proposed amendment does not provide Reed with any tactical advantage because an indemnification claim has been in play in this case since Reed's filing of its original Answer. In other words, there is no bad faith here because the amendment does not result in a new claim against defendant Carl Zeiss, but instead, elaborates on an existing claim by adding a new fact (*i.e.*, the indemnification agreement between Carl Zeiss and Reed). Where, as is the case here, a party seeks leave to amend in order to elaborate on the factual basis for its existing claim, bad faith simply does not exist. *See, e.g.*, *Resolution Trust Corp. v. Gardner*, 798 F. Supp. 790, 796 (D.D.C. 1992) (bad faith not demonstrated where plaintiff sought to amend complaint to elaborate on its breach of fiduciary claim after learning new facts about defendant's conduct). Second, bad faith is not present because Reed did not delay in seeking to amend its cross-claim. *See supra* p. 4. Reed's diligence in pursuing the amendment is proof that Reed did not act with bad faith. *See American Society for the Prevention of Cruelty to Animals v. Ringling Brothers & Barnum & Bailey Circus*, 244 F.R.D. 49, 51 (D.D.C. 2007) ("the length of delay between the last pleading and the amendment sought is a factor in considering bad faith").

### C. Reed's Amended Pleading Is Not Futile

Finally, Reed's amendment should be permitted because the proposed amendment states a valid claim for contractual indemnification. Indeed, the express language of the Booth Agreement indicates a legitimate factual basis for the claims and therefore eliminates any futility argument.

## II. CONCLUSION

For the reasons set forth above, Defendant Reed Elsevier, Inc. respectfully requests that the Court grant its Motion for Leave to Amend its Answer and Cross-Claims.

Dated: Princeton, New Jersey
      July 29, 2008

Respectfully submitted,

/s/ Angelo A. Stio
Angelo A. Stio III (AS 7880)
PEPPER HAMILTON LLP
A Pennsylvania LLP
301 Carnegie Center
Suite 400
Princeton, NJ 08543-5276
(609) 951-4125 (telephone)
(609) 452-1147 (fax)

Attorneys for Defendant Reed Elsevier, Inc.

#9865033 v5