UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTHA FEDORIW,<br><br>                                     Plaintiff,<br><br>v.<br><br>CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES, MAUK DESIGN, INC., PINNACLE EXHIBITS, INC. and NEW YORK CONVENTION CENTER OPERATING CORPORATION,<br><br>                                     Defendants. | CIV. A. NO. 1:07-CV-7446 (HB)<br><br>AFFIDAVIT IN SUPPORT OF DEFENDANT REED ELSEVIER, INC.'S MOTION FOR LEAVE TO AMEND ITS ANSWER AND CROSS-CLAIMS |

STATE OF NEW JERSEY    )
                                              ) ss:
COUNTY OF MERCER    )

ANGELO A. STIO III, being duly sworn, deposes and says:

1. I am an attorney-at-law licensed to practice in the State of New York and before the United States District Court for the Southern District of New York. I am a partner with the law firm Pepper Hamilton LLP, attorneys for Defendant Reed Elsevier, Inc. ("Reed") in the above-captioned matter.

2. I have personal knowledge of the facts set forth below and I make this Affidavit in support of Reed's Motion for Leave to Amend its Answer and Cross-Claims.

3. On or about July 15, 2008, Reed's corporate representative located a Booth Agreement which was stored in Reed's off-site archives. The Booth Agreement contained an indemnification provision whereby defendant Carl Zeiss Vision, Inc. ("Carl Zeiss") contracted to indemnify Reed for any accidents in connection with Carl Zeiss's exhibit at the

#9888748 v1

2006 International Vision Expo East, which was held at the Jacob K. Javits Convention Center from on or about March 31, 2006 through approximately April 2, 2006.

4. Attached as Exhibit A is a true and correct copy of the Booth Agreement, which is referenced in Reed's Memorandum of Law in support of its Motion for Leave to Amend its Answer and Cross-Claims.

5. Upon learning of the indemnification provision in the Booth Agreement, Reed immediately notified counsel for plaintiff Martha Fedoriw and defendants Pinnacle Exhibits, Inc., Mauk Design, Inc., New York Convention Center Operating Corp. and Carl Zeiss of the indemnification provision. Reed also sought each party's consent to allow Reed to amend its indemnification cross-claim against Carl Zeiss to reference the indemnification language in the Booth Agreement.

6. All of the parties (except for Carl Zeiss) consented to Reed's filing of the amended cross-claim.

7. Attached as Exhibit B is a true and correct copy of a Reed's proposed Amended Answer and Cross-Claims, which is blacklined to reflect the proposed amended language. This document is referenced in Reed's Memorandum of Law in support of its Motion for Leave to Amend its Answer and Cross-Claims.

8. Attached as Exhibit C is a true and correct copy of the Pretrial Scheduling Order, which is referenced in Reed's Memorandum of Law in support of its Motion for Leave to Amend its Answer and Cross-Claims.

9. Attached as Exhibit D is a true and correct copy of the endorsed letter addressed to Judge Harold Baer, Jr. from Peter Greiner, Esquire dated June 20, 2008, which is

#9888748 v1

referenced in Reed's Memorandum of Law in support of its Motion for Leave to Amend its Answer and Cross-Claims.

WHEREFORE, it is respectfully requested that defendant Reed Elsevier, Inc.'s Motion for Leave to Amend its Answer and Cross-Claims be granted.

Dated: Princeton, New Jersey
July 29, 2008

Angelo A. Stio III (AS 7880)
PEPPER HAMILTON LLP
A Pennsylvania LLP
301 Carnegie Center
Suite 400
Princeton, NJ 08543-5276
(609) 951-4125

Attorney for Defendant Reed Elsevier, Inc.

Sworn to and subscribed before me this 29th day of July, 2008.

Notary Public
JENNIFER CUMBUS
A Notary Public of New Jersey
My Commission Expires October 18, 2011

-3-

#9888748 v1