EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTHA FEDORIW,<br><br>                               Plaintiff,<br><br>v.<br><br>CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES, MAUK DESIGN, INC., PINNACLE EXHIBITS, INC. and NEW YORK CONVENTION CENTER OPERATING CORPORATION,<br><br>                              Defendants. | CIV. A. NO. 1:07-CV-7446 (HB) |

**DEFENDANT REED ELSEVIER, INC.'S AMENDED ANSWER AND CROSS-CLAIMS**

Defendant Reed Elsevier, Inc. (improperly pled as Reed Exhibition Companies) (hereinafter "Reed"), by and through its undersigned counsel, Pepper Hamilton LLP, hereby ~~answers~~**files its amended answer to** plaintiff's First Amended Complaint (the "Amended Complaint"). All allegations in the Amended Complaint not specifically admitted below are hereby denied. In response to the allegations contained in the individually-numbered paragraphs of the Amended Complaint, Reed further states as follows:

**NATURE OF THE ACTION**

1. Reed admits that it was the Show Manager for the International Vision Expo East 2006. Reed further admits that it entered into a "Contract Between Exhibitor-Designated Contractors and Reed Exhibitions" with Momentum Management for the International Vision Expo East 2006, which was held at the Jacob Javits Convention Center in New York, New York from March 31, 2006 to April 2, 2006. Reed further admits that Exhibitor Company Carl Zeiss Vision utilized the services of Exhibitor Designated Contractor Momentum Management for the International Vision Expo East 2006. Reed is without information or

knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations.

## PARTIES

2.  Reed is without information or knowledge sufficient to form a belief as to where the plaintiff resides and therefore denies the averment.

3.  Reed is without information or knowledge sufficient to form a belief as to where Defendant Carl Zeiss Vision, Inc.'s principal place of business is located and therefore denies the averment.

4.  Reed admits that it is a Massachusetts Corporation with its principal place of business located at 2 Newton Place, Suite 350, Newton, MA.

5.  Reed is without information or knowledge sufficient to form a belief as to where Defendant Mauk Design, Inc.'s principal place of business is located and therefore denies the averment.

6.  Reed is without information or knowledge sufficient to form a belief as to where Defendant Pinnacle Exhibits, Inc.'s principal place of business is located and therefore denies the averment.

7.  Reed is without information or knowledge sufficient to form a belief as to where Defendant New York Convention Center Operating Corporation's principal place of business is located and therefore denies the averment.

## JURISDICTION AND VENUE

8.  This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

9. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

## OPERATIVE FACTS

10. Reed admits that it was the Show Manager for the International Vision Expo East 2006. Reed is without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore denies such averments.

11. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

## COUNT ONE
## NEGLIGENCE/PREMISES LIABILITY
## PLAINTIFF V. ALL DEFENDANTS

12. Reed reasserts all of its prior responses to the allegations in the Amended Complaint as if set forth at length herein.

13. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

14. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

15. Denied.

16. Denied.

17. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

18. Denied.

19. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

20. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

21. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

22. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

COUNT TWO
STRICT LIABILITY
PLAINTIFF V. DEFENDANTS CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES, MAUK DESIGN, INC., AND PINNACLE EXHIBITS, INC.

23. Reed reasserts all of its prior responses to the allegations in the Amended Complaint as if set forth at length herein.

24. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

25. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

26. Denied.

27. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

#9435012 v3
#9853525 v1

28. Reed is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

29. Denied.

30. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

31. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

32. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

33. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

### COUNT THREE
### NEGLIGENCE
### PLAINTIFF V. DEFENDANTS
### CARL ZEISS VISION, INC., REED EXHIBITION COMPANIES, MAUK DESIGN, INC., AND PINNACLE EXHIBITS, INC.

34. Reed reasserts all of its prior responses to the allegations in the Amended Complaint as if set forth at length herein.

35. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

#9435012 v3
#9853525 v1

36. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

37. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

38. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

39. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

WHEREFORE, defendant Reed respectfully requests that judgment be entered in Reed's favor, dismissing plaintiff's Amended Complaint with prejudice, and awarding Reed its fees and costs incurred in this action, and such other relief that the Court deems just and equitable.

**AFFIRMATIVE DEFENSE**

1. Plaintiff has not stated claims upon which relief can be granted.

2. Plaintiff has not sustained any injury due to or caused by the actions of Reed.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, by the doctrine of laches, by the doctrine of estoppel and/or by the doctrine of waiver.

#9435012 v3
#9853525 v1

4. The damages allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct and therefore, Reed is not liable for any damages allegedly sustained by plaintiff or, alternatively, its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

5. The liability of Reed, if any, is limited in accordance with the provisions of Article 16 of the CPLR.

6. As to those damages claimed by plaintiff that have been or will be replaced or indemnified in whole or in part from a collateral source, Reed claims the benefit of CPLR 4545(c).

7. Plaintiff's alleged damages resulted from the acts or omissions of parties other than Reed and for whom Reed is not responsible and, therefore, Reed is not liable to plaintiff or, alternatively, Reed's liability to plaintiff is partial only and should be reduced in accordance with applicable law.

8. The damages alleged in the Amended Complaint were brought about by an intervening and superseding cause, and were not caused by Reed or by any third-party for whom Reed is responsible.

9. Plaintiff failed to mitigate her damages, if any, and Reed, therefore, is not liable for any such damages to plaintiff.

10. Reed did not create a defective or dangerous condition upon the premises where the accident occurred; Reed had no actual or constructive notice of a dangerous or defective condition on the premises; and Reed did not have a reasonable time within which to correct any such alleged condition, or warn others about its existence.

#9435012 v3
#9853525 v1

11. Reed neither breached nor owed any contractual, statutory or common law duty to plaintiff.

### RESERVATION OF DEFENSES

Reed reserves the right to assert additional affirmative defenses based on facts uncovered through discovery.

### CROSS-CLAIMS

Defendant Reed Elsevier, Inc., by way of **its Amended** Cross-Claims against Carl Zeiss Vision, Inc., Mauk Design, Inc., Pinnacle Exhibits, Inc., and New York Convention Center Operating Corporation, hereby alleges and says as follows:

### FIRST CROSS-CLAIM FOR INDEMNIFICATION AGAINST CARL ZEISS VISION, INC.

1. Any injury or damage sustained as alleged in the Amended Complaint was caused solely by reason of the negligence of defendant Carl Zeiss Vision, Inc. ("Carl Zeiss") without any negligence or culpable conduct on the part of defendant Reed contributing thereto.

2. Reed denies that it is liable to plaintiff. However, if plaintiff recovers a judgment against defendant Reed for the loss or damage alleged in the Amended Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendant Carl Zeiss, its agents, servants or employees, and defendant Reed is therefore entitled to full indemnity from Carl Zeiss pursuant to **contract,** statute and common law in an amount equal to the total sum of any such judgment, together with costs, disbursements and attorney fees incurred in this action.

### SECOND CROSS-CLAIM FOR CONTRIBUTION AGAINST CARL ZEISS VISION, INC.

3. Reed denies that it is liable to plaintiff. However, if plaintiff recovers a judgment against defendant Reed for the loss or damage alleged in the Amended Complaint, such liability will have been brought about and caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendant Carl Zeiss, its agents, servants, or employees.

4. Defendant Reed is, therefore, entitled to contribution from defendant Carl Zeiss in accordance with the relative culpability of such defendants in an amount equal to any sum that may be recovered herein by plaintiff.

## FIRST CROSS-CLAIM FOR INDEMNIFICATION
## AGAINST MAUK DESIGN, INC.

5. Any injury or damage sustained as alleged in the Amended Complaint was caused solely by reason of the negligence of defendant Mauk Design, Inc. ("Mauk") without any negligence or culpable conduct on the part of defendant Reed contributing thereto.

6. Reed denies that it is liable to plaintiff. However, if plaintiff recovers a judgment against defendant Reed for the loss or damage alleged in the Amended Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendant Mauk, its agents, servants or employees, and defendant Reed is therefore entitled to full indemnity pursuant to contract, statute and common law from Mauk in an amount equal to the total sum of any such judgment, together with costs, disbursements and attorney fees incurred in this action.

## SECOND CROSS-CLAIM FOR CONTRIBUTION
## AGAINST MAUK DESIGN, INC.

7. Reed denies that it is liable to plaintiff. However, if plaintiff obtains a judgment against defendant Reed for the loss or damage alleged in the Amended Complaint,

#9435012 v3
#9853525 v1

such liability will have been brought about and caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendant Mauk, its agents, servants, or employees.

8. Defendant Reed is, therefore, entitled to contribution from defendant Mauk in accordance with the relative culpability of such defendants in an amount equal to any sum that may be recovered herein by plaintiff.

### FIRST CROSS-CLAIM FOR INDEMNIFICATION AGAINST PINNACLE EXHIBITS, INC.

9. Any injury or damage sustained as alleged in the Amended Complaint was caused solely by reason of the negligence of defendant Pinnacle Exhibits, Inc. ("Pinnacle") without any negligence or culpable conduct on the part of defendant Reed contributing thereto.

10. Reed denies that it is liable to plaintiff. However, if plaintiff recovers a judgment against defendant Reed for the loss or damage alleged in the Amended Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendant Pinnacle, its agents, servants or employees, and defendant Reed is therefore entitled to full indemnity pursuant to statute and common law from Pinnacle in an amount equal to the total sum of any such judgment, together with costs, disbursements and attorney fees incurred in this action.

### SECOND CROSS-CLAIM FOR CONTRIBUTION AGAINST PINNACLE EXHIBITS, INC.

11. Reed denies that it is liable to plaintiff. However, if plaintiff obtains a judgment against defendant Reed for the loss or damage alleged in the Amended Complaint, such liability will have been brought about and caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendant Pinnacle, its agents, servants, or employees.

12. Defendant Reed is, therefore, entitled to contribution from defendant Pinnacle in accordance with the relative culpability of such defendants in an amount equal to any sum that may be recovered herein by plaintiff.

### FIRST CROSS-CLAIM FOR INDEMNIFICATION AGAINST NEW YORK CONVENTION CENTER OPERATING CORPORATION

13. Any injury or damage sustained as alleged in the Amended Complaint was caused solely by reason of the negligence of defendant New York Convention Center Operating Center ("NYCCOC") without any negligence or culpable conduct on the part of defendant Reed contributing thereto.

14. Reed denies that it is liable to plaintiff. However, if plaintiff recovers a judgment against defendant Reed for the loss or damage alleged in the Amended Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendant NYCCOC, its agents, servants or employees, and defendant Reed is therefore entitled to full indemnity pursuant to statute and common law from NYCCOC in an amount equal to the total sum of any such judgment, together with costs, disbursements and attorney fees incurred in this action.

### SECOND CROSS-CLAIM FOR CONTRIBUTION AGAINST NEW YORK CONVENTION CENTER OPERATING CORPORATION

1. Reed denies that it is liable to plaintiff. However, if plaintiff obtains a judgment against defendant Reed for the loss or damage alleged in the Amended Complaint, such liability will have been brought about and caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendant NYCCOC, its agents, servants, or employees.

#9435012 v3
#9853525 v1

2. Defendant Reed is, therefore, entitled to contribution from defendant NYCCOC in accordance with the relative culpability of such defendants in an amount equal to any sum that may be recovered herein by plaintiff.

**WHEREFORE**, defendant Reed, demands judgment dismissing the Amended Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the forgoing; and demands judgment granting its cross-claims against Carl Zeiss Vision, Inc., Mauk Design, Inc., Pinnacle Exhibits, Inc., and New York Convention Center Operating Corporation, along with such further and different relief as this Court may deem just and proper.

~~Respectfully submitted,~~

/s/Angelo A. Stio III
Angelo A. Stio III ~~(AS 7880)~~
PEPPER HAMILTON LLP
A Pennsylvania LLP
301 Carnegie Center
Suite 400
Princeton, NJ 08543-5276
(609) 951-4125 (telephone)
(609) 452-1147 (fax)

Attorneys for defendant Reed Elsevier, Inc.

Dated: ~~March 18,~~ **July**_____, 2008

TO: Peter A. Greiner, Esq.
MEYERSON & O'NEILL
*Admitted Pro Hac Vice*
Attorneys for Plaintiff
Office & P.O. Address
1700 Market Street
Suite 3025
Philadelphia, PA 19103
 (215) 972-1376

Stavros E. Sitinas, Esq.

#9435012 v3
#9853525 v1

WINGATE, RUSSOTTI & SHAPIRO, LLP
Attorneys for Plaintiff
Office & P.O. Address
420 Lexington Avenue
Suite 2750
New York, New York 10170
  (212) 986-7353

Peter H. Cooper, Esq.
BIEDERMANN, HOENIG, MASSAMILLO & RUFF, P.C.
Attorneys for Defendant
CARL ZEISS VISION, INC.
570 ~~Lexignton~~**Lexington** Avenue, 16th Floor
New York, New York 10016
  (212) 697-6555

**Gregory T. Walthall, Esquire**
**HOEY, KING, TOKER & EPSTEIN**
**Attorneys for Defendant**
PINNACLE EXHIBITS, INC.
~~22400 NW Westmark Drive~~
~~Hillsboro, OR 97124~~
**55 Water Street, 29th Floor**
**New York, NY 10041**

**Heidi M. Weiss, Esquire**
        LAW OFFICES OF EDWARD GARFINKEL
Attorneys for Defendant
NEW YORK CONVENTION CENTER OPERATING CORP.
110 William Street
17th Floor
New York, New York 10038
  (212) 809-8000

Eric Betron, Esq.
KELLY, RODE & KELLY, LLP
Attorneys for Defendant
MAUK DESIGN, INC.
330 Old Country Road
Suite 305
Mineola, NY 11501

-13-